Elizabeth R. Loveridge, (6025)
Anthony M. Grover, (10426)
**WOODBURY & KESLER, P.C.**
525 East 100 South, Suite 300
P.O. Box 3358
Salt Lake City, UT 84110-3358
Tel: (801) 364-1100
Fax: (801) 359-2320
eloveridge@wklawpc.com
tgrover@wklawpc.com
Proposed Attorneys for Chapter 7 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**
**IN THE DISTRICT OF UTAH**

| In re: | Case No. 16-29093 |
|---|---|
| **MICHAEL CRAIG JENSEN,** | Chapter 7 |
| Debtor. | Hon. Kevin R. Anderson |

**MOTION FOR TURNOVER**

Elizabeth R. Loveridge, Chapter 7 Trustee of the Michael Craig Jensen Bankruptcy Estate (the "Estate'), under 11 U.S.C. § 542, moves for an order directing Michael Craig Jensen (the "Debtor") to deliver copies of his 2016 Federal and State Tax Returns (the "Returns") along with any tax refunds he may have received for 2016 (the "Refunds") to the Trustee.

**FACTS**

1. On July 18, 2017, the Trustee's counsel mailed Debtor's counsel a letter whereby he formally requested that the Debtor provide him with copies of the Returns on or before August 1, 2017. Trustee's counsel also reminded Debtor's counsel that the Bankruptcy Estate

1

was entitled to 287/365 of the Refunds as Estate property. The Trustee's counsel requested the Returns pursuant to 11 U.S.C. § 521(a)(3)&(4) and Local Rule 4002-1(b)(2). (A copy of the letter is attached as Exhibit "A").

2.   Neither the Debtor nor his counsel responded to the July 18, 2017 request of Trustee's counsel.

3.   On August 7, 2017, the Trustee's counsel mailed and emailed Debtor's counsel a second request that Debtor produce the Returns and Refunds. Trustee's counsel reminded Debtor's counsel of the July18, 2017 request and demanded that the Debtor provide the Returns and Refunds to the Trustee on or before August 21, 2017. (A copy of the letter is attached hereto as Exhibit "B").

4.   Again, neither the Debtor nor Debtor's counsel responded to the August 7, 2017 request of Trustee's counsel's.

## ARGUMENT

Anyone in possession of "recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs" must "turn over or disclose such recorded information to the trustee." 11 U.S.C. § 542 (e). Additionally, 11 U.S.C. § 521(a)(3)&(4) requires the Debtors to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties" and "surrender to the trustee [. . .] any recorded information, including [. . .] documents, records and papers, relating to property of the estate" Finally, Local Rule 4002-1(b)(2) obligates the Debtors to provide the Trustee with "any

documents, recorded information, or other information reasonably necessary for the effective administration of the estate" no later than 14 days after a written request by the Trustee.

In this case, the Trustee requires the Returns and Refunds to properly evaluate the Debtor's property and financial affairs. The Trustee requested these documents twice in writing citing § 521(a)(3)&(4) and Local Rule 4002-1(b)(2), and the Debtor has failed to comply. Based on the Debtor's refusal to cooperate with the Trustee in providing the requested documentation, the Trustee has filed the present Motion. The Trustee asks the Court to compel the Debtor to provide the Returns and Refunds so the Trustee can fulfill her duties in marshalling the assets of the Debtor's estate for the benefit of creditors.

Perhaps the Debtor believes that his cooperation is not needed because he has filed a Motion to Convert the case. However, until such time as that Motion is granted and his case is converted, the Debtor remains in a Chapter 7 bankruptcy proceeding and the Trustee is duly appointed, empowered, and required to investigate the Debtor's financial affairs. Accordingly, the Debtor cannot be allowed to simply ignore the Trustee's requests because he believes the case might be converted. Blatant disregard of the Debtor's duties to cooperate with the Trustee should be disallowed, and the Debtor should be ordered to produce the requested Returns and Refunds.

## **CONCLUSION**

Based on the foregoing, the Trustee respectfully requests the Court to grant the Motion for Turnover and require the Debtor to turn over copies of the Returns and deliver any Refunds received within fourteen (14) days from the date of entry of order.

DATED this 29th day of August, 2017.

**WOODBURY & KESLER, P.C.**

_____/s/_____
Anthony M. Grover
Attorneys for Elizabeth R. Loveridge
Chapter 7 Trustee

**CERTIFICATE OF SERVICE—BY NOTICE OF ELECTRONIC FILING (CM/ECF)**

   I certify that on August 29, 2017, I electronically filed the **MOTION FOR TURNOVER** with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system:

- Jesse A.P. Baker ecfutb@aldridgepite.com, jbaker@aldridgepite.com;JPB@ecf.inforuptcy.com
- Paul Duane Benson paulbenson@paulbensonlaw.com
- Anthony M. Grover tgrover@wklawpc.com, kmacrae@wklawpc.com;ckirk@wklawpc.com
- Elizabeth R. Loveridge eloveridge@wklawpc.com, rchristensen@wklawpc.com
- Elizabeth R. Loveridge tr eloveridge@wklawpc.com, rchristensen@wklawpc.com;eloveridge@ecf.epiqsystems.com
- United States Trustee USTPRegion19.SK.ECF@usdoj.gov

               _____/s/ Kasey MacRae_____

**CERTIFICATE OF SERVICE—MAIL, OTHER**

   I certify that on August 29, 2017, I served a copy of the **MOTION FOR TURNOVER** as follows:

**Mail Service—by regular first class United States mail, postage fully pre-paid, addressed to:**

 Michael Craig Jensen
 PO Box 18955
 Kearns, UT 84118

               _____/s/ Kasey MacRae_____

# Exhibit "A"

# WOODBURY & KESLER
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

**ANTHONY M. GROVER**
\*\*\*\*\*\*
LICENSED IN UTAH

email:
tgrover@wklawpc.com

July 18, 2017

Paul Duane Benson
Law Office of Paul Benson
2650 Washington Blvd., Suite 101
Ogden, UT 84401

*Via U.S. Mail*

Re:  *In re: Michael Craig Jensen;* Bankr. No. 16-29093

Dear Mr. Benson,

I represent Elizabeth R. Loveridge, Chapter 7 trustee (the "Trustee") of the Michael Craig Jensen (the "Debtor") bankruptcy estate.

The Trustee requests that the Debtor provide her with a copy of the Debtor's 2016 federal and state tax returns. Moreover, if the Debtor was entitled to receive any tax refunds for the year 2016, the bankruptcy estate is entitled to 287/365 of those refunds based on the October 13, 2016 petition date. Pursuant to 11 U.S.C. § 521(a)(3)&(4) and Local Rule 4002-1(b)(2), the Trustee directs your client to produce copies of his 2016 tax returns within fourteen (14) days of the date of this letter.

Thank you for your cooperation in this matter. Please contact me if you have any questions.

Sincerely,

Anthony M. Grover, Attorney for
Elizabeth R. Loveridge, Chapter 7 Trustee

AMG/km

# Exhibit "B"

# WOODBURY & KESLER
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

**ANTHONY M. GROVER**
\*\*\*\*\*\*
LICENSED IN UTAH

email:
tgrover@wklawpc.com

August 7, 2017

*Via U.S. Mail and E-mail:*
Paul Duane Benson
Law Office of Paul Benson
2650 Washington Blvd., Suite 101
Ogden, UT 84401
Paulbenson@paulbensonlaw.com

      Re:    *In re: Michael Craig Jensen;* Bankr. No. 16-29093

Dear Mr. Benson,

      On July 18, 2017, I sent you a letter requesting that your client provide me with a copy of his 2016 federal and state tax returns. (A copy of that letter is enclosed herewith.) I requested that you provide these documents to me within fourteen (14) days of the letter. To date, I have yet to receive any of the requested documents.

      As we discussed on the phone this afternoon, the Trustee renews her 11 U.S.C. § 521(a)(3)&(4) and Local Rule 4002-1(b)(2) request and instructs your client to produce, within fourteen (14) days, copies of his 2016 state and federal tax returns. The Trustee also demands that your client turnover any tax refunds he has received for 2016 as 287/365 of that return is property of the estate. I understand your client intends to ask the Court to convert his case to a Chapter 13 bankruptcy. Regardless, the Trustee renews her request, and is entitled to receive, the documents and tax refund she has previously demanded.

      Thank you for your cooperation in this matter. Please contact me if you have any questions.

                              Sincerely,

                              Anthony M. Grover, Attorney for
                              Elizabeth R. Loveridge, Chapter 7 Trustee

AMG/km
Enclosure

# WOODBURY & KESLER
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

**ANTHONY M. GROVER**
\*\*\*\*\*\*
LICENSED IN UTAH

email:
tgrover@wklawpc.com

July 18, 2017

Paul Duane Benson
Law Office of Paul Benson
2650 Washington Blvd., Suite 101
Ogden, UT 84401

*Via U.S. Mail*

Re:    *In re: Michael Craig Jensen;* Bankr. No. 16-29093

Dear Mr. Benson,

I represent Elizabeth R. Loveridge, Chapter 7 trustee (the "Trustee") of the Michael Craig Jensen (the "Debtor") bankruptcy estate.

The Trustee requests that the Debtor provide her with a copy of the Debtor's 2016 federal and state tax returns. Moreover, if the Debtor was entitled to receive any tax refunds for the year 2016, the bankruptcy estate is entitled to 287/365 of those refunds based on the October 13, 2016 petition date. Pursuant to 11 U.S.C. § 521(a)(3)&(4) and Local Rule 4002-1(b)(2), the Trustee directs your client to produce copies of his 2016 tax returns within fourteen (14) days of the date of this letter.

Thank you for your cooperation in this matter. Please contact me if you have any questions.

Sincerely,

Anthony M. Grover, Attorney for
Elizabeth R. Loveridge, Chapter 7 Trustee

AMG/km